IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CURTIS MELVIN NETTLES, III                                                                       PLAINTIFF

v.                            Civil No. 6:13-cv-06081

CAPTAIN WADLON; and
SERGEANT DRAKE                                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Curtis Nettles filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 8, 2013 in the Eastern District of Arkansas. ECF No. 1. The Case was properly transferred to this District on July 19, 2013. ECF No. 4. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 1); and the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.      BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Arkansas Department of Corrections, OMEGA Technical Violators Center in Malvern, Arkansas ("ADC"). Plaintiff's address of record indicates he is still incarcerated at the ADC.

In Plaintiff's Complaint, he names Captain Wadlon and Sergeant Drake as Defendants.

1

Plaintiff alleges Defendants opened his legal mail without him present on May 25, 2013 at approximately 11:50 a.m. Plaintiff requests monetary damages as relief from this alleged constitutional violation. ECF No. 2, pp. 4-5.

## II.     APPLICABLE LAW

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1) determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does, grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's Complaint is frivolous or malicious. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). If the causes of action stated in the Complaint are frivolous or malicious, the Complaint must be dismissed. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A) (during screening the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

Plaintiff's IFP Motion is incomplete as Plaintiff failed to attach the Certificate of Inmate Account and Assets filled out by the appropriate ADC official. This failure is insignificant, however, because Plaintiff fails to state claims upon which relief may be granted. Accordingly, the Court recommends Plaintiff's IFP Motion be denied on this basis.

Plaintiff's only allegation in his Complaint is that Defendants opened his legal mail outside his presence on one occasion. Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). However, "[t]he fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). In regards to opening of an inmates legal mail outside of the inmates presences, the Eighth Circuit Court of Appeals has held an "isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997) (internal quotations and citations omitted).

Here, Plaintiff alleges his legal mail was opened in an isolated incident on May 25, 2013. Plaintiff makes no allegations that Defendants purposefully opened his mail or opened it with improper motive. Further, Plaintiff failed to allege how the isolated incident interfered with his right to counsel or access to the courts. Accordingly, Plaintiff has failed to state a cognizable claim under section 1983.

IV. **CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be **DENIED** and the Complaint (ECF No. 2) be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in**

which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      DATED this 19th day of September 2013.

                              /s/ *J. Marschewski*
                              HON. JAMES R. MARSCHEWSKI
                              CHIEF UNITED STATES MAGISTRATE JUDGE